UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN MANUEL JIMENEZ ALMANZAR,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondents. | No. 1:26-cv-08562<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On October 19, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On October 21, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondent was further directed to state any opposition it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its

/////

opposition. (*Id.*) On October 22, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.)

Based on the parties' briefing, the court finds the following facts. Petitioner entered the United States on March 30, 2023 without inspection. (Doc. Nos. 2 at 2; 6 at 2.) That same day, petitioner was released on his own recognizance. (Doc Nos. 2 at 2; 6 at 2.) Petitioner was re-detained on September 2, 2026, during a commercial vehicle inspection. (*Id.*; Doc. No. 2 at 2.) Respondent states that petitioner was re-detained under the authority of an administrative warrant. (Doc. No. 2 at 2, 4.) However, this was not a contemporaneous warrant; rather, it was issued on March 30, 2023 when petitioner entered the United States. (Doc. No. 6-1 at 14.) On October 14, 2026, petitioner received a post-deprivation custody redetermination hearing where the immigration judge ("IJ") found that he posed a danger to the community due to his criminal history involving an auto accident and driving without a valid driver's license. (Doc. Nos. 6 at 2; 6-2 at 3.) Petitioner did not appeal the IJ's custody determination. (Doc. Nos. 6 at 1; 1 at 2.) In any event, it appears clear that petitioner did not receive any pre-deprivation process, such as notice or an opportunity to be heard before he was re-detained on September 2, 2026.

Petitioner argues that his custody redetermination hearing on October 14, 2026, was inadequate, that the government has not demonstrated that his continued detention is necessary, and that due process requires his immediate release. (*See* Doc. No. 1 at 6–7.) Respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) because he received a bond hearing from an IJ on October 14, 2026, that he is not entitled to release, and that petitioner should be required to exhaust his administrative remedies. (Doc. No. 6 at 2–4.)

The court first considers respondent's argument regarding administrative exhaustion and incorporates and adopts its reasoning in *Wu v. Chestnut*, No. 1:26-cv-04953-DAD-SCR (HC), 2026 WL 1906294, at *2 (E.D. Cal. July 2, 2026), where the court waived prudential exhaustion because "administrative exhaustion would not cure the due process violation that petitioner experienced when [he] was detained without notice or an individualized assessment."

The court next considers petitioner's argument that his detention violates due process. Petitioner obtained a liberty interest in his continued release following his release on bond. *See*

*Singh v. Acting Field Off. Dir. of San Francisco Field Off.*, No. 1:26-cv-03976-NW, 2026 WL 2043412, at *2 (E.D. Cal. July 15, 2026) ("Petitioner likewise has a protected liberty interest in his continued freedom following his release on bond."); *Rodriguez v. Mullin*, No. 26-cv-03769-JAO-MSB, 2026 WL 1951629, at * 2–3 (S.D. Cal. July 6, 2026) (finding the petitioner obtained a "a significant liberty interest in remaining out of custody pursuant to his release on bond in 2014" and that his detention absent pre-deprivation notice or a hearing was unlawful). In light of petitioner's liberty interest in his continued release following his release on bond, the court incorporates and adopts the reasoning set forth in its prior orders in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court concluded that the petitioners' re-detention absent notice and an opportunity to be heard violated due process and the appropriate remedy was the petitioners' immediate release. Further, the court incorporates and adopts the reasoning set forth in *Anderson v. Chestnut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *3–4 (E.D. Cal. Mar. 24, 2026), in which the court concluded that a post-deprivation bond hearing provided months after petitioner's detention does not satisfy due process where the required pre-deprivation process was not provided. Finally, the court notes that here it appears petitioner was detained without a contemporaneous warrant as required by § 1226(a).

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Christian Manuel Jimenez Almanzar, A-File No. 246-760-540, from respondent's custody on the conditions, if any, he was subject to prior to his re-detention on September 2, 2026;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge,

at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **October 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE